UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEON CARIL II,<br><br>            Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON, *et al.*,<br><br>            Defendants. | CASE NO. 2:19-cv-01251-RBL-JRC<br><br>ORDER TO SHOW CAUSE OR AMEND COMPLAINT AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL |

      The District Court has referred this 42 U.S.C. § 1983 civil rights matter to United States Magistrate Judge J. Richard Creatura under 28 U.S.C. §§ 636(b)(1)(A) and (1)(B) and Local Magistrate Judge Rules MJR 1, 3, and 4. *See* Dkt. 2. Plaintiff, who is incarcerated and proceeds *pro se* and *in forma pauperis*, has filed a complaint under § 1983 and a motion for the appointment of counsel in this Court. Because his complaint contains no cognizable claims and fails to identify any particular defendants who are not immune from suit, the undersigned orders plaintiff to show cause or amend his complaint on or before **October 28, 2019.** The undersigned

ORDER TO SHOW CAUSE OR AMEND COMPLAINT
AND DENYING WITHOUT PREJUDICE
PLAINTIFF'S MOTION TO APPOINT COUNSEL - 1

also denies without prejudice plaintiff's motion for the appointment of counsel, as plaintiff has not shown the exceptional circumstances required to justify appointing counsel.

**BACKGROUND**

Plaintiff initiated this matter in August 2019. In his complaint, he seeks to bring suit against the State of Washington, Western State Hospital, and various staff members of Western State Hospital, whom plaintiff identifies only by their first names. *See* Dkt. 6, at 2. Plaintiff lists eighteen claims under his statement of claim in his complaint, some of which are incomprehensible and all of which lack any articulated factual or legal basis. *See* Dkt. 6, at 3.

The Court granted plaintiff permission to proceed *in forma pauperis*, and he filed a motion to have a "public defender" appointed to represent him on his § 1983 claim. *See* Dkt. 7, at 1. Plaintiff has also filed miscellaneous documents with the Court, most of which appear to refer to various motions that have not been filed in this case, asking that the motions be noted for the same day that they are filed. *See* Dkt. 8, at 1; *see also* Dkts. 9–11.

**DISCUSSION**

**I. Failure to State a Claim**

Because plaintiff proceeds *in forma pauperis*, his complaint is subject to screening before service under 28 U.S.C. § 1915(e)(2), meaning that if it fails to state a claim upon which relief can be granted or seeks monetary relief from a defendant who is immune from such relief, this Court may dismiss the complaint. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii). This Court will offer plaintiff an opportunity to amend his complaint to cure the deficiencies unless it appears that amendment would be futile. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

1    A complaint must contain a "'short and plain statement of the claim[s] showing that the
2    pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is
3    and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)
4    (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Although factual allegations need not be
5    detailed, plaintiff must go beyond mere "labels and conclusions" and cannot rely on a "formulaic
6    recitation of the elements of a cause of action[.]" *Id.*  Plaintiff cannot simply make "an
7    unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662,
8    678 (2009).  The complaint must set forth the elements of the legal claim—that is, the law
9    underlying the claims—and factual allegations that are sufficient that, taken as true, they
10   establish how defendants acted unlawfully.  *See id.* at 678–79.

11   Here, however, plaintiff sets forth primarily bare legal conclusions in his complaint,
12   without any explanation or factual development of his claims.  For instance, he states claims for
13   violations of "inalienable rights" and "civil liberties" but provides no explanation of what the
14   constitutional—or other—basis for his claims is, or how a particular right was violated. *See* Dkt.
15   6, at 3–4.  Plaintiff fails to explain what type of action plaintiff intends to bring, whom he
16   intends to bring the claim against, what legal theory plaintiff intends to proceed under, or what
17   factual allegations plaintiff relies upon.

18   Moreover, if plaintiff wishes to make out a claim for damages under § 1983, he must
19   allege the elements of such a claim—(1) "the violation of a right secured by the Constitution and
20   laws of the United States" and (2) how "the alleged deprivation was committed by a person
21   acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  For many of his claims,
22   plaintiff fails to identify a particular constitutional right or law that was violated.  Simply stating
23   that his "civil liberties" or "inalienable rights" were violated is inadequate.
24

ORDER TO SHOW CAUSE OR AMEND COMPLAINT
AND DENYING WITHOUT PREJUDICE
PLAINTIFF'S MOTION TO APPOINT COUNSEL - 3

Not only does plaintiff fail to identify particular constitutional rights underlying many of his claims, but for all of his claims except one for "verbal abuse" by "Daryl, Liz, Marrissa" (*see* Dkt. 6, at 3) he fails to name any particular person acting under color of state law who deprived him of a constitutional right.

As for plaintiff's named defendants, because plaintiff's complaint is for damages, he cannot bring suit under § 1983 for alleged constitutional deprivations against the State of Washington or Western State Hospital, which is an agency of the State. *See, e.g. Beaver v. Western State Hosp.*, 457 Fed. App'x 638, 639 (9th Cir. 2011) (Western State Hospital is immune from suit for damages under § 1983); *see also Franceschi v. Schwartz*, 57 F.3d 828 831 (9th Cir. 1995) (per curiam). If plaintiff seeks damages under § 1983, he should not name these defendants, who are immune from suit under the Eleventh Amendment.

Moreover, plaintiff must identify how each individual person named as a defendant— "Liz, Marrisa, Daryl and some other staff members"—actually subjected him to a deprivation of rights. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."). Plaintiff's complaint also fails to state a claim because he identifies no particular way in which the named defendants participated in any constitutional deprivations.

Finally, plaintiff must sufficiently identify the individual defendants by providing their full names, if possible, so that the Court would be able to effect service on those individuals. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

In addition, many of plaintiff's claims appear to be arguments that, if true, would call into question a conviction of his or the length of a sentence. If plaintiff wishes to bring claims for damages that would call into question the validity of an underlying conviction or sentence—for instance, claims that he was deprived of his right to a speedy trial, that he was improperly tried as an adult, that his attorney did not provide adequate representation, or that he was unlawfully held in prison—he must first show "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See Heck v. Humphrey*, 512 U.S. 477, 483 (1994). Absent such allegations that his conviction or sentence has been reversed, expunged, invalidated, or called into question, plaintiff's claims for damages that would call into question an underlying conviction or sentence are not cognizable in this § 1983 matter.

Further, some of plaintiff's allegations appear to be that he was not appropriately treated for a disability, presumably while imprisoned, and that he was targeted for verbal and/or physical abuse by Western State staff. *See* Dkt. 6, at 3. However, plaintiff fails to assert the elements of a claim of cruel and unusual punishment in violation of the Eighth Amendment. Namely, to assert an Eighth Amendment claim under § 1983 for deprivation of humane conditions of confinement, a person who was a convicted prisoner at the time must show deliberate indifference: the prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety[.]" *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Finally, many of plaintiff's claims—such as his claims of excessively long housing in IMU and ISU until June 2010—also appear to be barred by the statute of limitations. For actions under § 1983 brought in this Court, a three-year statute of limitations applies. *See Canatella v.*

*Van de Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007); RCW 4.16.080(2). This means that plaintiff must bring his action within three years of when he knows or has reason to know of the injury which is the basis of the action. *See Canatella*, 486 F.3d at 1133.

**II. Motion to Appoint Counsel**

Plaintiff also requests to have counsel appointed to represent him in this matter. *See* Dkt. 7, at 1.

There is no constitutional right to appointed counsel in a § 1983 civil action, and whether to appoint counsel is within this Court's discretion. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1) requires "exceptional circumstances." *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing former 28 U.S.C. § 1915(d) (1996)), *overruled on other grounds*, 154 F.3d 952 (1998). To decide whether exceptional circumstances exist, the Court must evaluate "both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together[.]" *Id.*

Because plaintiff's complaint fails to state a cognizable claim, he has shown neither a likelihood of success on the merits nor claims so complex that he requires the assistance of counsel to articulate them. Therefore, his motion for the appointment of counsel is denied without prejudice. Plaintiff may proceed *pro se*—that is, representing himself—in this matter.

**III. Instructions to Plaintiff and the Clerk**

Due to the deficiencies described above, unless plaintiff shows cause or amends his complaint, the Court will recommend dismissal of the complaint without prejudice. If plaintiff intends to pursue a § 1983 civil rights action, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) each constitutional right that plaintiff believes was violated; (2) the name or names of the person or persons who violated the right; (3) exactly what each individual or entity did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Because plaintiff appears to be disputing his continued confinement in some regards, he should consider whether for claims that would call into question a conviction or sentence, he has exhausted his state court remedies and whether, upon such exhaustion, he wishes to pursue a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 483 (1994).

If he still wishes to pursue a § 1983 claim, then plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly written or typed in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint and not as a supplement. An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself, and all facts and causes of action alleged in the original complaint that are not alleged in

the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before October 28, 2019, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff. Finally, the Clerk shall update the docket to note that plaintiff's motion for the appointment of counsel (Dkt. 7) is denied without prejudice.

Dated this 30th day of September, 2019.

J. Richard Creatura
United States Magistrate Judge