UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEON CARIL, II,

                Plaintiff,

     v.

STATE OF WASHINGTON, *et al.*,

                Defendants.

CASE NO. 2:19-cv-01251 RBL-JRC

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

Plaintiff, who proceeds *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983. Plaintiff alleges that verbal harassment by employees of Western State Hospital while plaintiff was a pretrial detainee violated the First and Fourteenth Amendments. However, because plaintiff fails to allege any facts that establish a cognizable claim under the First or Fourteenth Amendment, the undersigned declines to serve plaintiff's complaint (Dkt. 13) at this time. The undersigned grants plaintiff leave to amend his complaint (Dkt. 13) by **November 29, 2019**, to cure the deficiencies identified in this Order.

///

## BACKGROUND

Plaintiff initiated this matter in August 2019. *See* Dkt. 1. After the Court granted plaintiff's request to proceed *in forma pauperis*, the Court ordered plaintiff to show cause or amend his complaint, which contained no cognizable claims and failed to identify any particular defendants who were not immune from suit. *See* Dkt. 12, at 1.

Plaintiff has now filed an amended complaint, which lists Washington State and employees of Western State Hospital—"Liz, Daryl, [and] Marissa"—as defendants. *See* Dkt. 13, at 1, 3. Plaintiff states that his claim under § 1983 is for violation of his rights to "Freedom of speech and indifference." Dkt. 13, at 4. He states that on an unspecified date while he was an "inmate" in Western State Hospital, there was "verbal harassment that targeted [him] . . . and l[ed] to a fight with another inmate." Dkt. 13, at 5. He also states that there was "verbal abuse, my name being a[n] example of how to be abused verbally as a cover-up of job duties by numerous officers [sic]." Dkt. 13, at 5. Plaintiff alleges that he suffered an upper right shoulder separation and requests as relief to "settle with deliberate indffer[e]nces [sic]." Dkt. 13, at 5, 9. He also states that he requests "a chance to identify all officer[s] involved in the taunting of [his] general well being[.]" Dkt. 13, at 9. Plaintiff has also filed a document with the Court that appears to refer to various motions that have not been filed in this case, asking that the motions be noted for the same day that they are filed. *See* Dkt. 14.

## DISCUSSION

Because plaintiff proceeds *in forma pauperis*, his complaint is subject to screening before service under 28 U.S.C. § 1915(e)(2), meaning that if it fails to state a claim upon which relief can be granted or seeks monetary relief from a defendant who is immune from such relief, this

Court may dismiss the complaint. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii). This Court will offer plaintiff an opportunity to amend his complaint to cure the deficiencies unless it appears that amendment would be futile. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain a "'short and plain statement of the claim[s] showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although factual allegations need not be detailed, plaintiff must go beyond mere "labels and conclusions" and cannot rely on a "formulaic recitation of the elements of a cause of action[.]" *Id.* Plaintiff cannot simply make "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must set forth the elements of the legal claim—that is, the law underlying the claims—and factual allegations that are sufficient that, taken as true, they establish how defendants acted unlawfully. *See id.* at 678–79. The essential elements of a claim under 42 U.S.C. § 1983 are (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court interprets plaintiff's amended complaint as seeking to bring two claims under § 1983—a claim for violation of plaintiff's First Amendment right to freedom of speech and a claim of deliberate indifference toward plaintiff. However, plaintiff's amended complaint is again deficient in a number of respects that prevent the Court from directing service.

First, plaintiff's complaint is deficient because he seeks to bring claims against the State of Washington, which is immune from suit in federal court under the Eleventh Amendment. *See Krainski v. Nevada ex rel. Bd. of Regents*, 616 F.3d 963, 967 (9th Cir. 2010).

1 | Second, regarding plaintiff's claims against defendants "Liz, Daryl, [and] Marissa," plaintiff essentially states that there was a violation of his constitutional rights and that there was "verbal harassment" directed toward him that caused "a fight with another inmate" resulting in a shoulder injury. *See* Dkt. 13, at 5. These conclusory factual allegations are inadequate to state a claim under either the First or Fourteenth Amendments.

Regarding the First Amendment claim, other than stating that some action involving verbal harassment occurred, plaintiff does not explain how any particular defendant restricted plaintiff's freedom of speech. The First Amendment protects citizens from government actions "abridging the freedom of speech[.]" *See* U.S. Const. amend. I. However, plaintiff does not clearly state who verbally harassed whom, how this restricted plaintiff's freedom of speech, or what happened. *See* Dkt. 13, at 4–5.

As for plaintiff's claim of deliberate indifference, plaintiff appears to intend to bring a claim under the Fourteenth Amendment, which applies to pretrial detainees' claims for injuries suffered while in custody. *See Castro v. Cty. of L.A.*, 833 F.3d 1060, 1067–68 (9th Cir. 2016). Again, however, plaintiff fails to explain the factual allegations underlying his claim, so that he has not presented the Court with a cognizable claim for relief.

The elements of a claim of failure to protect a pretrial detainee from harm are,

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro*, 833 F.3d at 1071. Plaintiff does not explain who verbally harassed him. Nor does he provide any facts from which the Court could discern whether any particular defendant made an

intentional decision with respect to the verbal harassment, whether the verbal harassment placed plaintiff at a substantial risk of suffering serious harm, whether a reasonable employee in the defendant's position would have appreciated the obvious risk involved, or whether the verbal harassment caused plaintiff's injuries. Therefore, plaintiff has not provided sufficient factual allegations to support a cognizable claim of deliberate indifference under the Fourteenth Amendment.

Finally, it is unclear what relief plaintiff seeks if he were to prevail on his claims. *See* Dkt. 13, at 9. If plaintiff files a second amended complaint, plaintiff should explain the amount of damages that he seeks, if any, and whether he requests injunctive relief.

Due to the deficiencies described above, the Court will not serve plaintiff's amended complaint. *See* Dkt. 13. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file a second amended complaint and within the second amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right or rights that plaintiff believes were violated; (2) the name or names of the person or persons who violated the right; (3) exactly what each individual or entity did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Plaintiff should avoid naming entities that are immune from suit in his second amended complaint and if he intends to bring a claim of deliberate indifference, he should explain precisely how individual defendants were deliberately indifferent to him.

Plaintiff shall present the second amended complaint on the form provided by the Court. The second amended complaint must be legibly rewritten or retyped in its entirety, it should be

| | |
|---|---|
| 1 | an original and not a copy, it should contain the same case number, and it may not incorporate |
| 2 | any part of the previous complaints by reference.  The second amended complaint will act as a |
| 3 | complete substitute for the original complaint, and not as a supplement.  An amended complaint |
| 4 | supersedes all previous complaints.  *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. |
| 5 | 1997), *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. |
| 6 | 2012).  Therefore, the second amended complaint must be complete in itself and all facts and |
| 7 | causes of action alleged in the original complaint that are not alleged in the second amended |
| 8 | complaint are waived.  *Forsyth,* 114 F.3d at 1474.  The Court will screen the second amended |
| 9 | complaint to determine whether it contains factual allegations linking each defendant to the |
| 10 | alleged violations of plaintiff's rights.  The Court will not authorize service of the second |
| 11 | amended complaint on any defendant who is not specifically linked to a violation of plaintiff's |
| 12 | rights. |
| 13 |       If plaintiff fails to file a second amended complaint or fails to adequately address the |
| 14 | issues raised herein on or before **November 29, 2019**, the undersigned will recommend dismissal |
| 15 | of this action pursuant to 28 U.S.C. § 1915.  The Clerk is directed to send plaintiff the |
| 16 | appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint.  The Clerk is further |
| 17 | directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff. |
| 18 |       Dated this 1st day of November, 2019. |

J. Richard Creatura
United States Magistrate Judge