1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

LEON CARIL II,

11

Plaintiff,

12

v.

13

STATE OF WASHINGTON, *et al*,

14

Defendants.

CASE NO. 2:19-cv-01251 RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: January 3, 2020

15

16    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

17  Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local

18  Magistrate Judge Rules MJR1, MJR3 and MJR4.

19    This matter is before the Court on its Order to Show Cause or Amend Complaint. *See*

20  Dkt. 15. Because plaintiff failed to comply with a Court order and has not provided the Court

21  with an amended complaint that states a claim upon which relief can be granted, this matter

22  should be dismissed without prejudice.

23  ///

24

REPORT AND RECOMMENDATION - 1

1

**DISCUSSION**

2          Plaintiff initiated this matter in August 2019.  *See* Dkt. 1.  After the Court granted

3   plaintiff's request to proceed *in forma pauperis*, the Court ordered plaintiff to show cause or

4   amend his complaint, which contained no cognizable claims and failed to identify any particular

5   defendants who were not immune from suit.  *See* Dkt. 12, at 1.

6          Plaintiff then filed an amended complaint.  *See* Dkt. 13.  The Court again screened the

7   amended complaint, as authorized by 28 U.S.C. § 1915(e)(2), noting that it was deficient because

8   (1) it brought claims against the State of Washington, which was immune from suit, (2) it failed

9   to provide more than conclusory statements to support his claim that the three staff defendants

10  violated his constitutional rights, and (3) it did not explain what relief plaintiff sought for his

11  claims.  *See* Dkt. 15.  The Court provided plaintiff with the law applicable to claims for violation

12  of the First and Fourteenth Amendments and the appropriate forms for filing a 42 U.S.C. § 1983

13  complaint.  *See* Dkt. 15.  The Court also gave plaintiff additional time in which to correct the

14  deficiencies, although the Court warned plaintiff that failure to file a second amended complaint

15  or to adequately address the issues identified on or before November 29, 2019, would result in

16  the undersigned recommending dismissal of the matter.  *See* Dkt. 15, at 6.

17         Plaintiff did not file an amended complaint in response.  *See* Dkt.  Instead, plaintiff filed

18  a two-page letter containing various miscellaneous statements of the law.  *See* Dkt. 16.

19  Therefore, the Court recommends that this matter be dismissed without prejudice for failure to

20  comply the Court's Order to Show Cause or Amend Complaint.  *See* Dkt. 15.

21         Regarding plaintiff's *in forma pauperis* status should plaintiff appeal, as noted, plaintiff's

22  complaint fails to provide any claim upon which relief could be granted.  *In forma pauperis*

23  status on appeal shall not be granted if the district court certifies "before or after the notice of

24

REPORT AND RECOMMENDATION - 2

1  appeal is filed" "that the appeal is not taken in good faith[.]"  Fed. R. App. P. 24(a)(3)(A); see

2  also 28 U.S.C. § 1915(a)(3).  A plaintiff satisfies the "good faith" requirement if he seeks review

3  of an issue that is "not frivolous," and an appeal is frivolous where it lacks any arguable basis in

4  law or fact.  *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977); *Neitzke v. Williams*, 490 U.S.

5  319, 325 (1989).  Because appeal of these issues would lack an arguable basis in law, the district

6  court should find that any appeal would not be taken in good faith.

7                                           **CONCLUSION**

8           The district court should dismiss the matter without prejudice for failure to comply with a

9  Court Order and should revoke plaintiff's *in forma pauperis* status for the purpose of any appeal.

10          Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

11  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

12  6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

13  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

14  of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

15  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

16  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 3,**

17  **2020**, as noted in the caption.

18          Dated this 18th day of December, 2019.

19

20          J. Richard Creatura
            United States Magistrate Judge
21

22

23

24

REPORT AND RECOMMENDATION - 3